USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
JESSICA ISRAEL, :
:
                              Plaintiff, :        1:21-cv-4335-GHW
:
              -against- :        <u>ORDER</u>
:
UNUM LIFE INSURANCE COMPANY OF :
AMERICA, :
:
                            Defendant. :
:
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        On January 27, 2023, the Honorable James L. Cott issued a Report and Recommendation (the "Report") recommending that the Court grant in part and deny in part Defendant's motion to dismiss the complaint. Dkt. No. 56. The Report describes in detail the facts and procedural history of this case.[1]

        When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for

---

[1] Capitalized terms used without definition herein have the meaning provided in the Report.

clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

Both parties filed timely objections to the Report. Defendant filed its objections on February 10, 2023 (the "Defendant's Objections"). Dkt. No. 62. In its objections, Defendant argued that the Court should not adopt the Report's recommendation that the Court deny Defendant's motion for summary judgment with respect to Plaintiff's first cause of action, and, instead, order that Plaintiff's claims be remanded to Defendant for a full and fair review. In particular, Defendant argues that the Report erred because the record shows that Plaintiff had failed to exhaust her remedies under the LTD Plan. The Defendant's Objections target the Report's conclusion that the June 1 Letter submitted by Plaintiff's representative to Defendant constituted an adequate notice of appeal and that it should have been treated as such.

The Defendant does not object to the other recommendations contained in the Report. Those include Judge Cott's recommendation that remand was the appropriate remedy in the event that the Court adopted his recommendation that Plaintiff's claim be remanded to Defendant for review. Defendant's Objections at 14 n. 4. Plaintiff filed her response to Defendant's Objections on February 24, 2023 ("Plaintiff's Response"). Dkt. No. 65.

Plaintiff also submitted an objection to the Report on February 10, 2023 ("Plaintiff's Objections" and, together with Defendant's Objections, the "Objections"). Dkt. No. 63. Plaintiff's Objections were very narrow in focus. Plaintiff objected merely to the Report's determination that an application for attorney's fees would be premature at this time. Report at 30 n. 14. Plaintiff argued that she had achieved "some degree of success on the merits" by achieving a remand to Defendant. Plaintiff's Objections at 1. In support of her position, Plaintiff pointed to a series of recent decisions concluding that so-called "remand simpliciter" was enough to constitute some degree of success on the merits. *Id.* at 2. She also contended that an award of attorney's fees was

2

supported by public policy. *Id.* at 3. Plaintiff did not object to any other aspect of the Report, including the recommendation that Defendant be granted summary judgment with respect to Plaintiff's claim for WOP benefits. Defendant responded to Plaintiff's Objections on February 24, 2023 ("Defendant's Response," and, together with Plaintiff's Response, the "Responses").

The Court has reviewed those aspects of the Report that were not the subject of any objection for clear error and finds none. *See Braunstein v. Barber*, No. 06-cv-5978, 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record.").

Moreover, the Court has reviewed *de novo* those aspects of the Report that were the subject of objections. Having reviewed the record, the parties' submissions in connection with the Defendant's motion to dismiss, the Report, the Objections and the Responses, the Court agrees with Judge Cott's thoughtful and well-reasoned analysis and conclusions in full and therefore adopts the Report in its entirety.

The Report clearly sets out all of the reasons why Plaintiff's claim should be treated as exhausted. Defendant's Objections do not disturb Judge Cott's sound conclusions. Defendant's Objections misconstrue portions of the Report, and suggest that its recommendations sweep more broadly than they do. For example, Defendant argues that "[t]here is nothing in the ERISA claims regulations, the LTD Plan, or the case law that states that any submission to a claims department after the issuance of an initial adverse benefit determination could only be treated as an appeal, or that a claim administrator may not offer, or agree to provide, claim review opportunities above and beyond the minimum regulatory requirement of a claim and an appeal." Defendant's Objections at 16.

But Judge Cott did not find that *any* submission to an insurer after the issuance of an initial adverse benefit determination must be treated as an appeal.  Judge Cott's analysis, which the Court adopts here, is specific to the facts of this case.  The Report should not be read to stand for the proposition that all correspondence with an insurer following the declination of coverage constitutes a proper appeal:  the decision is limited to the particular facts and circumstances of this case.

Nor should the Report be read to suggest that insurers are as a matter of law prohibited from offering claim opportunities above and beyond the mandatory minimum requirement of a claim and an appeal.  The Report takes no position on that broader legal question.  Again, Judge Cott's recommendation rests on a careful assessment of the record in this case.  He correctly concluded that "neither Unum's Plan nor the regulations contemplate review of additional information after an adverse benefit determination—they only permit an appeal."  Report at 26.  Defendant provided a substantive response to Plaintiff's June 1 Letter and subsequent correspondence on August 2, 2018.  That Defendant did so supports the conclusion that Plaintiff's correspondence sufficed to put Defendant on notice of her disagreement with its decision.  Because the Plan only contemplates one kind of response—an appeal—and Defendant's response did not comply with the requirements established for responding to an appeal, the Report correctly concluded that the claim should be deemed exhausted.  *Id.*

Defendant's Objections take aim at what they describe as the "Magistrate Judge's conclusion that '[t]here was nothing that prevented Unum from construing the June 1 letter as an appeal.'  The appropriate question is not whether Unum might have considered the June 1, 2018 letter as an administrative appeal, but whether Unum was required to consider it an administrative appeal . . . ."  Defendant's Objections at 19 (emphasis in original).  But Judge Cott did answer that question on the page following the text selectively quoted by Defendant.  Report at 26 ("the June 1 Letter should be deemed to have constituted an appeal and Unum should have treated it as such").

4

While the Court overrules Plaintiff's Objections, a clarification is required to the Report's conclusion that an application for attorney's fees at this time would be premature. The Report responded to an argument raised by Plaintiff that she be permitted to make an application for fees. The Report states that an application for fees at this time would be premature. In reaching that conclusion, the Report cites to *Spears v. Liberty Life Assur. Co. of Bos.*, No. 3:11-CV-1807 (VLB), 2015 WL 1505844, at *36 (D. Conn. Mar. 31, 2015) for the following proposition: "Courts within this Circuit typically decline to award fees and costs to a plaintiff following remand of a claim for benefits because such a request is 'premature,' given that the plaintiff 'is not yet the prevailing party in the truest sense of the term.'"

A "'remand simpliciter' is enough to constitute 'some degree of success on the merits' under [*Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010)]." *Fisher v. Aetna Life Ins. Co.*, 2020 WL 5898788, at *6 (S.D.N.Y. Oct. 5, 2020) (Sullivan, J.).[2] Therefore, the fact that the remedy recommended here is just such a remand does not by itself justify the conclusion that it would be premature to entertain an application for an award of fees at this time. But the Court does not construe the Report to suggest that to be the sole, or even principal, rationale for its recommendation.

The decision to award attorney's fees in an ERISA case rests in the sound discretion of the court. *See* 29 U.S.C. § 1132(g)(1). There are many reasons to conclude that an assessment of Plaintiff's entitlement to attorneys' fees at this time is premature. Because the Court is remanding this case to Defendant for further consideration, the full degree of Plaintiff's success will turn on the outcome of the appeal process on remand. It is in the interest of judicial economy to revolve any fee application after Defendant has completed its review. Plaintiff's counsel will have to wait some

---

[2] Defendant does not disagree. Defendant's Response at 5 ("attorneys' fees can be awarded upon the granting of a remand simpliciter").

time for a determination regarding whether they are entitled to remuneration here, but given that, among other things, "Israel's counsel waited three years after she was denied benefits to pursue a further review of her adverse benefit determination," the incremental delay is not inequitable . Report at 24.

For the reasons articulated in the Report, Plaintiff's motion for summary judgment is granted in part, and her LTD benefits claim is remanded to Defendant for a full and fair review. Defendant's motion is granted with respect to Plaintiff's WOP benefits claim, but is otherwise denied. The Court will not entertain an application for attorney's fees from Plaintiff because a determination of their entitlement to the payment of such fees would be premature at this time.

The Court is inclined to stay this action pending completion of the evaluation of Plaintiff's claims on remand, rather than entering judgment at this time. However, the Court solicits the parties' views regarding the proper disposition of the case. The parties are directed to submit a joint letter to the Court setting forth their respective positions on this issue no later than March 13, 2023.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 36 and 42.

SO ORDERED.

Dated: March 7, 2023  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge