USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
JESSICA ISRAEL, :
:
Plaintiff, :  1:21-cv-4335-GHW
:
-against- :  ORDER
:
FIRST UNUM LIFE INSURANCE COMPANY :
AND UNUM LIFE INSURANCE COMPANY OF :
AMERICA, :
:
Defendants. :
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On November 27, 2024, the Court ordered the parties to submit a joint letter setting forth a proposed schedule for the parties' pretrial submissions. Dkt. No. 91. On December 3, 2024, the parties submitted a joint letter proposing a briefing schedule for the parties' pretrial submissions. Dkt. No. 92. The Court adopts the briefing schedule in part. The Court adopts the proposed dates and page limits in the parties' joint letter, but in light of the lengthy gaps between the parties' anticipated submissions, the Court requests that the parties refrain from filing their submissions on ECF until briefing is completed. Accordingly, the briefing regarding the parties' pretrial submissions will proceed as follows:

- Plaintiff must serve by email her Proposed Findings of Fact and Conclusions of Law and a Memorandum of Law of no more than 30 pages, copying the Court and all counsel of record, on or before January 29, 2025.

- Defendant must serve by email its Response to Plaintiff's Proposed Findings of Fact and Conclusions of Law; Defendant's Proposed Findings of Fact and Conclusions of Law; and a Memorandum of Law of no more than 40 pages, copying the Court and all counsel of record, on or before April 4, 2025.

- Plaintiff must serve by email her Response to Defendant's Proposed Findings of Fact and Conclusions of Law and a Reply Memorandum of Law of no more than 10 pages, copying

the Court and all counsel of record, on or before May 16, 2025.  Then, and only then, Plaintiff should file the full set of papers on ECF as soon as practicable after the email service.

The parties are also ordered to file a joint pretrial order in compliance with Rule 5(A) of the Court's Individual Rules of Practice in Civil Cases no later than May 16, 2025.

Separately, the Court reiterates that, for the reasons stated on the record during the November 26, 2024 conference, it is possible that the Court would benefit from an impartial expert selected by the parties, or if necessary appointed by the Court pursuant to Fed. R. Civ. P. 706, to advise the Court with respect to the medical documents in the stipulated record.  Courts have previously made use of independent experts in similar cases.  *See, e.g.*, *Elsroth v. Consol. Edison Co. of New York*, 10 F. Supp. 2d 427, 431–42 (S.D.N.Y. 1998); *Derico v. Int'l Bus. Machines Corp.*, No. 93 CIV. 0823 (VLB), 1993 WL 106799, at *1 (S.D.N.Y. Apr. 6, 1993); *Muniz v. AMEC Const. Mgmt.*, No. CV-07-8066 CAS AJWX, 2009 WL 866843, at *4 (C.D. Cal. Mar. 30, 2009), *aff'd sub nom. Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290 (9th Cir. 2010).  Accordingly, the Court orders the parties to submit a joint letter by no later than April 16, 2025 explaining their positions regarding the appropriateness of an independent expert in this case.

SO ORDERED.

Dated:  December 5, 2024
      New York, New York

GREGORY H. WOODS
United States District Judge