```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JESSICA ISRAEL,                                               :
                                                              :
                              Plaintiff,                      :      1:21-cv-4335-GHW
                                                              :
             -against-                                        :      ORDER
                                                              :
FIRST UNUM LIFE INSURANCE COMPANY                             :
AND UNUM LIFE INSURANCE COMPANY OF                            :
AMERICA,                                                      :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On January 21, 2025, the parties filed a joint motion to seal the Administrative Record in this case in its entirety. Dkt. No. 94. For the reasons set forth below, the parties' motion to seal the Administrative Record in its entirety is DENIED. The Administrative Record will remain under seal at this time, but the parties are directed to begin drafting proposed redactions to the Administrative Record. The parties are ordered to submit a renewed sealing motion proposing specific redactions to the Administrative Record by May 16, 2025.

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the

role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

      Having evaluated these factors, the Court denies the parties' motion to seal. The Court disagrees with the parties' conclusory statement that "[m]aking the Administrative Record available for public inspection would serve very little, if any, public purpose." The Administrative Record sought to be sealed consists of judicial documents that will inform an adjudicative decision. In such circumstances, the presumption of access "is of the highest," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d. Cir. 2006), and concealing it in its entirety should only be done in "exceptional circumstances," *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982); *see also Lugosch*, 435 F.3d at 124 (holding that sealing orders concerning judicial documents must be "narrowly tailored").[1] It would be inconsistent with these principles to seal the entire record upon which the Court's decision will be based merely because redacting the sensitive information within it would be burdensome for the parties. *See City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (rejecting motion to seal entire document based in part on argument that "more narrowly tailored redactions are infeasible"); *McKoy v. Trump Corp.*, No. 18 CIV. 9936 (LGS), 2024 WL 449979, at *2 (S.D.N.Y. Feb. 6, 2024) (rejecting motion to seal documents in their entirety because doing so would not be "narrowly tailored under *Lugosch*," and permitting "a renewed sealing

---

[1] The Court understands that the Administrative Record is very lengthy, *see* Dkt. No. 90 (noting that the Administrative Record is 21,000 pages long), but the Court assumes that the parties are submitting that volume of records because they are all relevant to the Court's assessment of the issues presented in this case. All of those records are therefore subject to the "highest" presumption of public access. *Lugosch*, 435 F.3d at 123 ("[O]nce those submissions come to the attention of the district judge, they can be fairly assumed to play a role in the court's deliberations." (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987)).

motion proposing specific, narrow redactions"). Accordingly, the Court does not find that parties have demonstrated the "exceptional circumstances" required for the Administrative Record to be concealed entirely from the public. *Lugosch*, 435 F.3d at 124 (quoting *Joy*, 692 F.2d at 893).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 94, and to restrict the viewing level to the documents filed at Dkt. No. 95 to the Court and parties only. The Court will reassess the status of this order upon receipt of the parties' renewed motion to seal on May 16, 2025.

SO ORDERED.

Dated: January 29, 2025
  New York, New York

  _____
  GREGORY H. WOODS
  United States District Judge